UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
SILFREDO CAMPOS,

           Plaintiff,                    19-cv-02856 (KPF)

  -against-

AEGIS REALTY MANAGEMENT        **SETTLEMENT AGREEMENT**
CORP. and SETH MILLER,                  **AND MUTUAL RELEASE**

           Defendants.
----------------------------------------------------X

      This Settlement Agreement and Mutual Release ("Agreement") is entered into by and among Plaintiff SILFREDO CAMPOS ("Plaintiff"), on the one hand, and AEGIS REALTY MANAGEMENT CORP. ("Aegis") and SETH MILLER ("Miller") (collectively, the "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee;

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York (the "Court"), Civil Action No.: 1:19-cv-02856 (KPF) (hereinafter "the Litigation"), by Plaintiff, alleging violations by Defendants of federal (FLSA) and state (NYLL) wage and hour laws;

      WHEREAS, the parties desire to resolve all disputes arising out of or attributable to the claims alleged in the Litigation, including claims relating to employment compensation and age discrimination;

      WHEREAS, the parties and their respective counsel engaged in extensive arm's-length settlement negotiations regarding settlement of the Claims;

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Litigation, or otherwise relating to the Litigation;

      WHEREAS, the parties also desire to release any claims relating to Plaintiff's residence at an apartment in Defendant's building located at 860 East 163rd Street (a/k/a 919 Prospect Avenue) Bronx, New York, which were previously the subject of proceedings in the Civil Court of the City of New York; and

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of the Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, municipal, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of other wrongdoing;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.**

Defendants agree to pay the total sum of Twenty Thousand Dollars ($20,000.00) ("Settlement Amount"), payable within twenty (20) days after this Agreement is approved by the Court, as follows:

    (i) Eleven Thousand Dollars ($11,000.00) payable to Plaintiff, Silfredo Campos, which shall be delivered to Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, NY 10119, of which:

        a. Five Thousand Five Hundred Dollars ($5,500.00) shall be treated as wages, and shall be paid net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported on an IRS Form W-2; and Defendants shall calculate all withholdings from wages as if those wages were paid over a period of one (1) year and

        b. Five Thousand Five Hundred Dollars ($5,500.00) shall be treated as liquidated damages and interest, and shall be made without withholding and shall be reported on IRS Form 1099.

    (ii) Six Thousand Two Hundred Dollars ($6,200.00) payable to Rapaport Law Firm, PLLC, co-counsel for Plaintiff, which shall be delivered to Rapaport Law Firm, PLLC (the foregoing sum is apportioned as follows: Two Thousand Six Hundred Eighty Seven Dollars ($2,687.00) for costs/disbursements and Three Thousand Five Hundred Thirteen Dollars ($3,513.00) for attorney's fees), which shall be made without withholding and reported on an IRS Form 1099; and

    (iii) Two Thousand Eight Hundred Dollars ($2,800.00) payable to LeClairRyan PLLC, co-counsel for Plaintiff, for costs/disbursements and legal fees, which shall be delivered to LeClairRyan c/o Tavenner & Beran, PLC, 20 North Eighth Street, Second Floor, Richmond, VA 23219, which shall be made without withholding and reported on an IRS Form 1099.

2. **Plaintiff's Commitments.**

   (a) Plaintiff shall submit all documents reasonably necessary to obtain dismissal of this action with prejudice as against the Defendants; however, the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of the Defendants' failure to comply with Defendants' payment obligations set forth in paragraph 1 of this Agreement.

   (b) Plaintiff and Defendants agree to execute any and all documents necessary to effectuate the terms of this Agreement.

   (c) Provided that this Agreement is approved by the Court, except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim, including but not limited to claims related to wages, employment compensation, discrimination and/or wrongful termination from employment, whether in an individual, class or other action, before any administrative agency, court, or other forum.

   (d) Plaintiff understands and agrees that he is solely responsible for any employee portion of taxes that are due and owing as a result of this Settlement Agreement and, to the extent a claim is asserted against Defendants by any taxing authority as a result of Plaintiff's failure to make any such payments, shall hold Defendants harmless from any costs, loss, liability, expense, fine and penalty, including attorney's fees, resulting.

3. **Mutual Releases by Plaintiff and Defendants.**

(a) Provided that this Agreement is approved by the Court, in consideration of the payments, benefits, agreements and other consideration to be provided by Defendants in the Agreement, Plaintiff, for himself and his heirs, executors, administrators, and their respective successors and assigns, hereby releases and forever discharges Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any known claims, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, controversies, and expenses (including attorneys' fees and costs) at law or in equity ("claims"), including but not limited to claims arising out of or attributable to Plaintiff's employment compensation and the termination of Plaintiff's employment, from the beginning of time until the date of the execution of this Agreement, including all claims alleged in the Litigation; unpaid minimum wage or overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; unpaid minimum wage and overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law); claims for discriminatory and/or wrongful discharge from employment under the New York City Human Rights Law; and all claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq., all as amended.

(b) Provided that this Agreement is approved by the Court, in consideration of the promises made by Plaintiff in this Agreement, and for other good and valuable consideration received by Defendants from Plaintiff, Defendants and their affiliates freely release and forever discharge and waive all claims, complaints, demands, causes of action, rights, liabilities, and obligations against Plaintiff, from the beginning of the world until the date of Defendants' execution of this Agreement, including but not limited to any claims relating to Plaintiff's residence in, or use and occupancy of, the Apartment.

(c) No party may use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against the other party, except in an action instituted by either party alleging a breach of this Agreement.

### 4. Non-disparagement and Neutral Reference.

Plaintiff agrees not to disparage, or make any disparaging remarks, or send to any person any disparaging communications, concerning the Defendants. Defendants and their affiliates agree not to disparage, or make any disparaging remarks, or send any person any disparaging communications, concerning Plaintiff, or induce others to disparage or denigrate or in any way injure Plaintiff. Defendants will respond to inquiries concerning Plaintiff's employment by confirming only Plaintiff's dates of employment and position held, and Defendants shall instruct their personnel, including their office staff and managers, of Defendants' obligation under this Agreement not to disparage Plaintiff, and Defendants shall direct their agents and personnel to comply with Defendants' foregoing obligations under this paragraph.

### 5. Status of Settlement if Court Does Not Approve this Agreement.

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date immediately prior the execution date of this Agreement, and the parties shall proceed in all respects as though the Agreement had not been executed. Provided, however, that the parties shall attempt, in good faith, to modify any term or provision contained in this Agreement to address any concerns raised by the Court.

### 6. No Other Entitlement.

Plaintiff affirms that he has been paid and has received all compensation, wages, overtime, bonuses, commissions, benefits and other monies to which he was entitled under the FLSA and NYLL and that no other compensation, wages, overtime, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the FLSA and NYLL, except the payments expressly set forth in this Agreement.

### 7. No Admission of Wrongdoing.

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as

an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claims lacked merit.

**8.   Dismissal of the Litigation.**

Plaintiff shall file, within seven (7) days of receipt of the executed Agreement and payment in accordance with paragraph 1, a stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated in this Agreement by reference) with the Court in this action.   The United States District Court for the Southern District of New York shall retain jurisdiction to interpret and enforce this Agreement.

**9.   Modification of Agreement.**

This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants and approved by the Court.

**10.   Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**11.   Legal Fees.**

Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

**12.   Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Provided that this Agreement is approved by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), if any provision of this Agreement is thereafter declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the Court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable.

**13.   No Further Claims.**

Plaintiff and Defendants acknowledge that they are not aware of any further claims, damages, or losses against each other relating to Plaintiff's employment with the Defendants.

## 14. <u>Entire Agreement.</u>

This Agreement sets forth the entire agreement between the parties relating to the claims asserted by Plaintiff in the Litigation between the parties.

## 15. <u>Notices.</u>

All notices shall be transmitted via Federal Express overnight and simultaneously via email as follows:

To Plaintiff:

Marc A. Rapaport, Esq.
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, NY 10119
Email: mrapaport@rapaportlaw.com


To Defendants:

Richard Hamburger, Esq.
Hamburger, Maxson, Yaffe & McNally, LLP
225 Broadhollow Road, Suite 301E
Melville, New York 11747
rhamburger@hmylaw.com

and

Avrum J. Rosen, Esq.
Rosen & Kantrow, PLLC
38 New Street
Huntington, New York 11743
arosen@rkdlawfirm.com

## 16. <u>Acknowledgment.</u>

Plaintiff and Defendants acknowledges that they have been fully and fairly represented by counsel in this matter, and have had the opportunity to consult with any financial advisor and/or accountant of their own choosing. Plaintiff and Defendants acknowledge that they fully understand all of the provisions of this Agreement and have executed same freely and voluntarily.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: **Sept. 29**, 2020

By: _____
SILFREDO CAMPOS

Dated: _____, 2020

By: _____
SETH MILLER, Individually and on behalf of Aegis Realty Management Corp.

7

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2020

By: _____
    SILFREDO CAMPOS

Dated: *October 1st,* 2020

By: _____
    SETH MILLER, Individually and on
    behalf of Aegis Realty Management Corp.